IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| DARRYL LEWIS FROST, | ) | Cause No. CV 10-6-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION OF |
| MIKE MAHONEY; ATTORNEY | ) | U.S. MAGISTRATE JUDGE |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On January 13, 2010, Petitioner Darryl Frost filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Frost is a state prisoner proceeding pro se.

On February 23, 2010, Frost was ordered to show cause why his petition should not be dismissed with prejudice as time-barred. He responded on March 26, 2010. On April 7, 2010, he filed an "amended"

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

brief. Despite its untimeliness, it too has been considered.

I. Background

Frost entered an Alford plea to mitigated deliberate homicide in Montana's Thirteenth Judicial District Court, Yellowstone County. On April 3, 2002, the trial court entered written judgment sentencing Frost to serve forty years in prison, plus a suspended ten-year term for use of a weapon. Pet. (doc. 1) at 2 ¶¶ 1-5.

On September 29, 2004, Frost filed a petition for postconviction relief in the trial court. It was dismissed as untimely. Frost appealed. On June 28, 2005, the Montana Supreme Court affirmed. Order at 2 ¶ 2, State v. Frost, No. 04-875 (Mont. June 28, 2005).

In April 2009, Frost filed a petition for writ of habeas corpus in the Montana Supreme Court. The petition was denied on July 15, 2009. Pet. at 4 ¶ 14; Pet. Ex. A (doc. 2-1).

Frost filed his petition in this Court on January 11, 2010. Pet. at 8 (Pet'r Decl. ¶ C).

II. Frost's Allegations

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

Frost contends that he was deceived into waiving his rights and making a plea that violated his constitutional rights. He avers that the trial court failed to hold a competency hearing, that the prosecution committed misconduct in several respects, and that he received ineffective assistance of counsel. He also contends that the persons involved in his case mistakenly assumed, because he is a Native American, that he was intoxicated at the time he assaulted and killed the victim.

All of the factual allegations in support of Frost's claims rely on his statement that he does not recall the events that led to the victim's death because he was severely beaten and kicked by security staff at the bar on the night in question. He concludes that, as a result, he did not act voluntarily and he was unable to assist in his own defense. See generally Pet. at 9-31; Br. in Supp. (doc. 2) at 1-37.

III. Analysis

Frost's claims are barred by the one-year federal statute of limitations, 28 U.S.C. § 2244(d).

A. Application of the Statute

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to petitions filed under 28 U.S.C. § 2254. In this case, the limitations period began to run on the date Frost's conviction became "final" in state court, id. § 2244(d)(1)(A). That occurred sixty days after the entry of written judgment in the trial court, or on June 3, 2002. Order at 4 ¶ 7, Frost, No. 04-875; Mont. R. App. P. 4(5)(b)(1).[1] Frost had to file his federal petition on or before June 4, 2003.

B. Statutory Tolling

The one-year period for filing a habeas petition in federal court is suspended while a petitioner has a pertinent action pending in state court. 28 U.S.C. § 2244(d)(2). Frost filed his postconviction petition long after the federal limitations period expired. Additionally, it was dismissed as time-barred and therefore cannot toll time under subsection (d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005). Frost's petition was filed more than seven and a half years too late.

C. Equitable Tolling

---

[1] This Rule has been amended but the sixty-day deadline has not.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 4

1. Applicable Law

Frost might be entitled to equitable tolling of the limitations period if he demonstrates that extraordinary circumstances beyond his control made it impossible for him to file his federal petition on time.  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Equitable tolling is not available in most cases and poses a "high hurdle" for a petitioner to overcome.  Smith v. Ratelle, 323 F.3d 813, 820-21 (9th Cir. 2003).

> A habeas petitioner . . . should receive an evidentiary hearing when he makes a good-faith allegation that would, if true, entitle him to equitable tolling.  [Petitioners] must demonstrate that they have been pursuing their rights diligently and that some extraordinary circumstance stood in their way.

Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (internal emphasis, quotations, brackets, and ellipsis omitted).  Additionally, "the person seeking equitable tolling must demonstrate reasonable diligence in attempting to file *after* the extraordinary circumstances began." Id. at 971 (quoting Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003)) (internal brackets and ellipsis omitted).

Alternatively, Frost may be able to overcome the time bar if he produces evidence that shows, in light of all the evidence about the

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 5

incident, that "no reasonable juror would have found [him] guilty beyond a reasonable doubt." Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002).

### 2. Facts Alleged by Frost

Frost contends that a clinical psychologist, Dr. Richard Recor, found that he "had no conscious memory" of the night in question "and therefore could not assist in his own defense." Br. in Supp. (doc. 2) at 5; see also Resp. to Order (doc. 7) at 2. Frost avers that, as a result, the trial court lost jurisdiction to try him. Resp. to Order at 2.

One of Frost's claims for relief alleges that no competency hearing was held. Pet. at 5 ¶ 15B. Therefore, there has been judicial finding that he was incompetent. Further, mere lack of memory does not make a person unable to assist in his defense. A defendant is competent if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." State v. Garner, 36 P.3d 346, 352 ¶ 21 (Mont. 2001) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)).

### 3. Conclusion

There is no allegation or suggestion that Frost was incompetent for the seven and a half years that lapsed before he filed his federal habeas petition. He is not entitled to equitable tolling, nor has he demonstrated that he is actually innocent.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings.

### A. Governing Law

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). Frost "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Slack v. McDaniel, 529 U.S. 473, 484 (2000), or that "the questions are 'adequate to deserve encouragement to proceed further,'" Lozada v. Deeds, 498 U.S. 430, 432

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 7

(1991) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, a claim is dismissed on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Lambright</u>, 220 F.3d at 1026 (quoting <u>Slack</u>, 529 U.S. at 484).

### B. <u>Discussion</u>

The merits of Frost's claims are not properly before the Court. The time bar is both clear and lengthy. Frost's argument for equitable tolling is based on a misunderstanding of what constitutes competence to stand trial. Mere inability to remember the incident underlying criminal charges does not make him incompetent. There is no reason to encourage further proceedings. A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

### <u>RECOMMENDATION</u>

1. The Petition (docs. 1, 2) should be DISMISSED WITH PREJUDICE as time-barred.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

//

//

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 9

NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) calendar days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Frost must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 15th day of April, 2010.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge
