IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| DARRYL LEWIS FROST, | ) | CV-10-6-BLG-RFC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER ADOPTING FINDINGS |
| | ) | AND RECOMMENDATIONS OF |
| MIKE MAHONEY; ATTORNEY | ) | U.S. MAGISTRATE JUDGE |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

On April 15, 2010, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends this Court dismiss Petitioner's writ of habeas corpus.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the April 15, 2010 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to

1

review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Petitioner's claims are barred by the one-year federal statute of limitations, 28 U.S.C. § 2244(d). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to petitions filed under 28 U.S.C. § 2254. In this case, the limitations period began to run on the date Frost's conviction became "final" in state court, *Id.* § 2244(d)(1)(A). That occurred sixty days after the entry of written judgment in the trial court, or on June 3, 2002. Order at 4 ¶ 7, Frost, No. 04-875; Mont. R. App. P. 4(5)(b)(1).[1] Frost had to file his federal petition on or before June 4, 2003.

The one year period for filing a habeas petition in federal court is suspended while a petitioner has a pertinent action pending in state court. 28 U.S.C. § 2244(d)(2). Petitioner's post conviction petition was filed long after the federal limitations period expired. Additionally, it was dismissed as time-barred and

---

[1] This Rule has been amended by the sixty-day deadline has not.

cannot toll time under subsection (d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Frost's petition was filed more than seven and a half years too late.

Petitioner might be entitled to equitable tolling of the limitations period if he demonstrates that extraordinary circumstances beyond his control made it impossible for him to file his federal petition on time. *Miles v. Prunty*, 187 F.3d 1104, 1007 (9th Cir. 1999). Equitable tolling is not available in most cases and poses a "high hurdle" for a petitioner to overcome. *Smith v. Ratelle*, 323 F.3d 813, 820-21 (9th Cir. 2003).

> A habeas petitioner . . . should receive an evidentiary hearing when he makes a good-faith allegation that would, if true, entitle him to equitable tolling. [Petitioners] must demonstrate that they have been pursuing their rights diligently and that some extraordinary circumstance stood in their way.

*Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (internal emphasis, quotations, brackets, and ellipsis omitted). Additionally, "the person seeking equitable tolling must demonstrate reasonable diligence in attempting to file after the extraordinary circumstances began." *Id.* at 971 (quoting *Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003)) (internal brackets and ellipsis omitted). Alternatively, Frost may be able to overcome the time bar if he produces evidence that shows, in light of all the evidence about the incident, that "no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002).

There is no allegation or suggestion that Petitioner was incompetent for the seven and a half years that lapsed before he filed his federal habeas petition. He is not entitled to equitable tolling, nor has he demonstrated that he is actually innocent.

Accordingly, **IT IS HEREBY ORDERED** the Petition (docs. 1, 2) are **DISMISSED WITH PREJUDICE** as time-barred. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner. A certificate of appealability is **DENIED**.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 21st day of May, 2010.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE